IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| JEFF KITCHEN | § § | |
| VS. | § § | NO. |
| BASF | § § § | *TRIAL BY JURY DEMAND* |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT**:

**COMES NOW, JEFF KITCHEN**, Plaintiff, in the above entitled and numbered cause and for cause of action would show the following:

1. Plaintiff is an individual residing in Brazoria County, Texas. Plaintiff's address is 122 Spanish Moss Lane, Lake Jackson, Texas 77566.

2. Defendant, BASF is a corporation. Its corporate headquarters is 100 Park Avenue, Florham, New Jersey. 07932. Its authorized agent for service is: C.T.Corp, 1999 Bryan St, Ste. 900, Dallas, Texas 75201.

3. The amount in controversy exceeds the jurisdictional amount of $75,000.00.

4. The court has jurisdiction of this cause pursuant to diversity of citizenship as the Plaintiff is from Texas and BASF is incorporated in the State of Delaware.

5. Venue is proper in this Court pursuant to 28 U.S.C.A. § 1391(a), as the events regarding the termination of the Plaintiff occurred in Brazoria County, Texas

6. Plaintiff brings this action pursuant to the Americans with Disabilities Act , 42 U.S.C.A. §§ 12101 et seq., 42 U.S.C. §§ 1981; Age Discrimination in Employment Act of 1967, as amended; 29 U.S.C. §§ 621 et seq; the Older Worker's Benefit Protection Act of 1990. Plaintiff seeks damages pursuant to 42 U.S.C. § 1988.

7. Plaintiff timely filed a complaint with the Equal Employment Opportunity Commission on or about November 09, 2015 .  The EEOC issued its Right to Sue Letter on December 12, 2016.  (See Exhibit s A & B, attached and incorporated by reference, the same as if fully copied and set forth herein).

8. Plaintiff would show that in or around February, 2014, Plaintiff transferred from the BASF plant in Seaford Delaware to the Freeport, Texas site.

9. Plaintiff's immediate supervisor Mark Damron requested that he transfer to the Freeport plant . The address is 602 Copper Rd. Freeport, Texas.

10. Prior to transfer to the Freeport location of BASF, Plaintiff voluntarily went for inpatient treatment due to his alcoholism, said period being November 15- December 15, 2010 and around November 29, 2013- January, 2014.

    As part of his continuing treatment plan, Plaintiff received treatment for alcohol use and/or abuse while employed at BASF, Freeport, Texas location., utilizing Defendant's Employee Assistance Program.  After completion of a 90 day outpatient treatment program, the Defendant mandated monthly monitoring beginning on or about October 6, 2014.  Plaintiff was required to submit to random urinalysis and/or breathalyzer testing on a monthly basis.

11. On or about September 28, 2015, Plaintiff was called to the medical facility on site (at BASF) for a breathalyzer test.  Upon reporting for testing, technical issues occurred with the machine.  The machine emitted beeping sounds which Plaintiff had never heard before.  Additionally, it did not start correctly.

12. Plaintiff contends that from the outset, the nurse, Roseanne Buentello, experienced technical problems with the machine.  In spite of the problems with the machine, Plaintiff nevertheless submitted to the test because he knew that the test would be negative.

13. According to the nurse, the machine showed that he failed the test.  Plaintiff would show that the reading was in all things faulty, as he had not consumed any alcoholic beverage to drink. Upon receiving the results of said test from the nurse, Plaintiff asked that the physician perform the test.  Moreover, he requested that he receive a blood draw.  Both requests were denied.

14. Plaintiff  was wrongfully terminated on the basis of a faulty reading from a malfunctioning machine. Plaintiff questioned the reliability of the machine and questioned the reliability of the test which resulted in his termination due to said technical difficulties

15. As a result thereof, Plaintiff was sent home on or about September 28, 2015. Plaintiff was terminated on or about October 1, 2015.

16. Plaintiff further complains that no other validating documentation or tests were performed, such as horizontal gaze nystagmus, heel to toe, counting or any number of other filed sobriety tests which would have either substantiated or invalidated the test.

17. Upon discussing the matter with the legal division of BASF, BASF's counsel indicated that BASF did not afford him any other testing opportunities because they were not required to.

18. Plaintiff contends that his employment, livelihood, and reputation were at stake, therefore, the breathalyzer tests from a nonreliable instrument should not have resulted in his termination.

19. Plaintiff contends further that he was not under the influence of alcohol at the time of the test.

20. Plaintiff would further show that on the day of the incident in question, Plaintiff, in all things, could not have been under the influence of alcohol, as he saved his plant from a major catastrophe by recognizing and averting a problem in the containment area of his plant.

21. Plaintiff further contends that even if he had been under the influence of alcohol, his condition is a disabling condition under the Americans with Disabilities Act, and that a minium, he should have been afforded some manner of procedural due process prior to his termination, as he had a disability and a protected interest in further employment.

22. Plaintiff further contends that he is over the age of 55 years and believes that he was further discriminated against on the basis of age.

23. As a result of the wrongful termination by Defendant, Plaintiff has been unemployed for 15 months from the date of service to the time of filing his lawsuit and has lost wages in the approximate amount of $118,000 to date- with same including $16,861.00 for the last three months in 2015 and $102, 825.00 for the year 2016.

24 Plaintiff expects a continued loss of wages at the rate of $281.85 per day, not including pay increases and overtime. Plaintiff has been unable to locate suitable employment due to his termination and/or his age. Plaintiff expected to be employed until retirement age of 65 or longer. Therefore, Plaintiff contends that

  as a result of his termination, he has lost future earning in the approximate amount of $925,425.00.00.

25.  Plaintiff has further depleted most of his savings and retirement in attempting to maintain his bills pay for costs of living, etc. Plaintiff has spent $119,686.00 *of his retirement benefits* attempting to stay afloat, thereby depleting benefits/monies set aside for his retirement.

26.  Due to Plaintiff's termination, along with the mounting bills, stress of employment loss, and refusal of his employer to reinstate him in his position, Plaintiff suffered a setback and began drinking again. Plaintiff was admitted to an in-patient alcohol treatment facility ..

27.  Plaintiff incurred out of pocket medical expenses since his termination,, along with $11,938.00 in insurance premiums, plus out of pocket medical expenses.

28.  Plaintiff's termination has caused him depression, anxiety and the loss of 20 months of sobriety due to his wrongful termination. He can be expected to incur pain and suffering in the future and estimates same to be valued at an amount of $250,000.00.

29.  Plaintiff has suffered the loss of medical and dental benefits, as result of said termination and has suffered medically as a result thereof in the approximate amount of $14,000.

30.  It was necessary to obtain the services of legal counsel. Therefore, Plaintiff seeks attorney's fees pursuant to the Attorney's Fee Award Act of 1988.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays for judgment as follows :

1.  That the Court order Defendants to reinstate Plaintiff's employment;

2.  That the Court grant full back pay to the Plaintiff;

3.  That the Court grant damages pursuant to the Americans with Disabilities Act , the Age Discrimination Act, etc.

4.  That the Court grant Plaintiff compensatory damages for the humiliation, emotional distress, and other damages caused by Defendants' conduct;

5. That the Court grant Plaintiff punitive damages for Defendants' malicious and recklessly indifferent conduct;

6. That the Court grant Plaintiff all employment benefits he would have enjoyed had he not been discriminated and retaliated against;

7. That the Court grant all damages outlined above; including lost wages from the date of termination to December 2016 in the approximate amount of $118,000; compensatory damages in the approximate amount of $140,000.00; future wages/ front pay in the amount of $925,000.00 and pain and suffering in an amount that exceeds $250,000.00.

9. That the Court grant Plaintiff expenses of litigation, including reasonable attorneys' fees, pursuant to the 42 U.S.C. § 1988;

10. That the Court grant Plaintiff a jury trial;

11. That the Court grant Plaintiff all such other and further relief the Court deems just and proper.

    Respectfully submitted,

    /s/ Veronica L. Davis

    Veronica L. Davis
    226 N. Mattson
    West Columbia, Texas 77486
    (979) 345-2953
    vld57atal@yahoo.com

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>460-2016-00482 |
|---|---|---|
| Texas Workforce Commission Civil Rights Division | | and EEOC |
| State or local Agency, if any | | |

| Name (indicate Mr., Ms., Mrs.)<br>Jeff Kitchen | Home Phone (incl. Area Code)<br>303-519-0441 | Date of Birth<br>10-14-60 |
|---|---|---|
| Street Address<br>122 Spanish Moss, Lake Jackson, TX 77566 | City, State and ZIP Code | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>BASF-FREEPORT SITE | No. Employees, Members<br>Unknown | Phone No. (Include Area Code) |
|---|---|---|
| Street Address<br>602 Copper Road, Freeport, TX 77541 | City, State and ZIP Code | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Street Address | City, State and ZIP Code | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☒ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                    Latest

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**RECEIVED**

**NOV 09 2015**

**HOUSTON
DISTRICT OFFICE
EEOC**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br>11-11-15<br>Date    Charging Party Signature<br>Signature attached | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>460-2016-00482 |
|---|---|---|
| Texas Workforce Commission Civil Rights Division | | and EEOC |
| State or local Agency, if any | | |

See attached.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

11-11-15
Date

Signature attached
Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

Jeff Kitchens
122 Spanish Moss
Lake Jackson, Texas 77566

Equal Employment Opportunity Commission
1919 Smith Street. 7th Floor
Houston, Texas 77002

RECEIVED
NOV 0 9 2015
HOUSTON
DISTRICT OFFICE

November 03, 2015

Dear Sir or Madam,

I hereby file a complaint against the BASF, Freeport, Texas. The address is 602 Copper Ed. Freeport, Texas.

I was discriminated against on the basis disabling condition: alcoholism. I was terminated on or about October 02, 2015., after having been sent home on or about September 28, 2015.

I was terminated due to failing a breathalyzer test. Because of receiving services through the Employee Assistance Program, I entered into an agreement where I would be tested at random over the next two years. I'm usually tested monthly. I was called in for my test.

At At the outset, the **nurse** experienced technical problems with the machine. She indicated that it was not necessary for the test to be done on that day. Since I was sure that the test would yield negative results, I submitted to the test.

I was wrongfully terminated on the basis of a faulty reading from a malfunctioning machine. I waited for the nurse to get the machine to work. After she finally got the machine to "work", the reliability of that test is seriously in question. Because I realized there was a problem with the reading, I requested a blood test, which the nurse refused to give him. Also the doctor came in and asked that he repeat the test. Again, I was refused.

Additionally, no other validating documentation or tests were performed, such as horizontal gaze nystagmus, heel to toe, counting or any number of other filed sobriety tests which would have either substantiated or invalidated the test.

I retained legal counsel to write a letter to my employer to obtain my job back. She indicated that BASF stated that they would not reinstate me. She also indicated that they said they did not have to perform any other measures or grant me a blood test. Therefore, they did not.

I believe that since my employment is a stake and my ability to take care of me and my family is of paramount importance, BASF has some duty to verify or validate the test.

When my attorney asked if I presented with any signs of inebriation or exhibited any behavior

that made them think I was under the influence, they stated that I seemed nervous during the time that I was trying to drink enough water to give a urine sample. Anybody whose job is on the line would be nervous.

I hereby file this complaint and seek conciliation/mediation. I am seeking reinstatement, back pay and my attorney's fees.

I also feel that my age may be a factor. I am over 55 years old and have heard that these plants start firing or retiring their employees around this age.

Please send a charge for my signature to both me and my attorney.

Sincerely yours,

*Jeff Kitchen*

Jeff Kitchen
(302) 519-0441

# EXHIBIT B

EEOC Form 161-B (11/09)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Jeff Kitchen
122 Spanish Moss
Lake Jackson, TX 77566

From: Houston District Office
Mickey Leland Building
1919 Smith Street, 7th Floor
Houston, TX 77002

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 460-2016-00482 | Jose T. Vega, Investigator | (713) 651-4941 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Elizabeth S. Dent*     12-12-2016

Rayford O. Irvin,
~~District~~ Director     (Date Mailed)

Enclosures(s)

cc: Wayne Smith
Executive VP
BASF CORP
100 Park Ave
Florham Park, NJ 07932

Veronica Davis
VERONICA DAVIS LAW OFFICE
226 N. Mattson
West Columbia, TX 77486

Enclosure with EEOC
Form 161-B (11/09)

## INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge within **90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request **within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- Only one major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is "episodic" (e.g., epilepsy, depression, multiple sclerosis) or "in remission" (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting** even though it lasts or is expected to last **fewer than six months**.

"Regarded as" coverage:
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.